IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 02 MICRO INTERNATIONAL LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>MICROSEMI CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 07-02073 CRB<br><br>ORDER GRANTING MOTION TO TRANSFER |

    Now pending before the Court is the motion of defendant Microsemi Corporation ("Microsemi") to dismiss, transfer or stay this patent declaratory judgment action filed by plaintiff O2 Micro International Limited ("O2 Micro"). After carefully considering the briefs and evidence filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and TRANSFERS this action to the Eastern District of Texas pursuant to 28 U.S.C. section 1404(a).

    The action filed by O2 Micro in the Eastern District of Texas addresses the same technology as this action. This lawsuit and the Texas lawsuit involve inverter controllers for LCD displays commonly found in laptop computers and flat screen televisions. The actions also involve the same products. In the Texas action O2 Micro accuses Microsemi's OZ960 series of infringing 02 Micro's patents, including the '722. Finally, these lawsuits involve overlapping patents. The '722 identifies as prior art Microsemi's '121. This declaratory

judgment action addresses the '121 and Microsemi's infringement claims (currently filed in the Eastern District) also assert the '121.

It is in the interests of justice and judicial economy for all of the parties' litigation to be heard by the same court. As the technology will be the same for all patents, having all the patents before a single judge will obviate the need for duplicative time-consuming tutorials. Moreover, a single judge can more effectively coordinate the scheduling of discovery, motions, and hearings, as well as determine the proper grouping of patents for trial. The construction of the claims of the '121 will be a central issue in both lawsuits and, again, it makes sense for one judge to construe the same patent at issue between the same parties. Finally, having all of the parties' dispute before a single court will facilitate settlement.

That O2 Micro chose to bring suit in Texas against Microsemi's customers rather than against Microsemi itself is of no moment. Those customers have now brought Microsemi into the Texas lawsuit as O2 Micro must have expected would happen when it filed the lawsuit and accused Microsemi's products of infringing O2 Micro's patents. The Court is also not persuaded that the declaratory judgment action should remain in this District because it was filed one day before Microsemi's related infringement claims were filed in the Texas action. O2 Micro filed the action here only after Microsemi notified 02 Micro that it would be imminently filing the infringement claims in the Texas action. It was thus unnecessary for O2 Micro to file this action in order to "clear the air of the uncertainty engendered by Microsemi's ongoing assertion of its patents." O2 Micro's Opp. at 3. The Court also gives little deference to Microsemi's choice of this forum in light of its proclivity for filing patent lawsuits in the Eastern District of Texas and the lack of any significant connection to this District.

Finally, the Court notes that to countenance Microsemi's argument would discourage counsel from candidly and openly negotiating scheduling matters and attempting to resolve issues without the intervention of a court. Such discouragement does not facilitate the just and orderly administration of the courts.

2

Accordingly, Microsemi's motion to transfer to the Eastern District of Texas is GRANTED.

**IT IS SO ORDERED.**

Dated: June 4, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE